ABRAHAM RUDNEVITZ, RELATOR, v. FREDERIC BIGELOW, SUPERINTENDENT OF BUILDINGS OF THE CITY OF NEWARK, AND THE CITY OF NEWARK, RESPONDENTS.

Submitted January 30, 1926—Decided May 11, 1926.

Zoning—Apartment-House and Stores in Residential District—Building Exceeded Height and Size to Size of Lot Provided in Ordinance—Held, That Questions Had All Hitherto Been Decided Adversely to Contention of Defendant—Reasons Bore no Relation to Health, Safety and the General Welfare.

On rule to show cause why a writ of *mandamus* should not issue.

Before Justices TRENCHARD and KATZENBACH.

For the relator, *Harry Levin.*

For the respondents, *Jerome T. Congleton* and *Charles M. Myers.*

PER CURIAM.

This is a rule to show cause directed to the superintendent of buildings of the city of Newark and the city of Newark, requiring them to show cause why a peremptory or alternative writ of *mandamus* should not issue commanding such superintendent to issue a permit to the relator for the erection of a three-story apartment-house upon lots belonging to the relator on Osborne Terrace, in Newark.

We have before us a brief stipulation of facts showing, amongst other things—(1) that the superintendent of buildings refused a permit on the ground that the building violated the zoning ordinance in that the building provided for stores in a residence zone; (2) that the relator appealed to the board of adjustment and that board refused to consider the appeal and referred the same back; (3) that the superintendent of buildings again refused on the ground that the building would be contrary to the zoning ordinance in that it exceeded the height allowed for the district in which the premises are, and exceeded the percentage of area allowed for a building in the district in which the premises are, and that it did not provide for a set-back, as provided in the zoning ordinance in which the premises are situate.

The questions here presented have all hitherto been squarely decided by the Supreme Court adversely to the contention of the defendants. Thus, the ground upon which the superintendent of buildings refused the permit, in the first instance, was insufficient. *Ignaciunas* v. *Risley*, 98 *N. J. L.* 712; *affirmed*, 99 *Id.* 389. The several grounds upon which, apparently, the board of adjustment refused to act, and upon which the building superintendent later again refused the permit, were not well taken, because the provisions of the ordinance respecting the height of buildings, the limit of coverage of area by buildings, and the provision for set-back at the point in question, bore no relation to public health, safety and the general welfare in the particular circumstances of the present case. *Scola* v. *Senior*, 3 *N. J. Adv. R.* 1800; *Plymouth Co.* v. *Bigelow*, 129 *Id.* 203.

A peremptory writ of *mandamus* will be awarded.